# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

TOMMY RADFORD,
ADC #89900                                                          PLAINTIFF

V.                    CASE NO. 5:17-CV-00006 JM/BD

V. BROOKS, et al.                                                   DEFENDANTS

## RECOMMENDED DISPOSITION

### I.     Procedures for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody Jr. Any party may file written objections to this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive any right to appeal questions of fact.

### II.    Background

Tommy Radford, an Arkansas Department of Correction inmate, filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. Because of his litigation history, Mr. Radford is not eligible to proceed *in forma pauperis* (IFP) absent allegations of imminent danger of serious physical injury. Mr. Radford alleged facts that met that standard (#2, #4), and was permitted to proceed IFP on claims involving a danger of

physical harm. Specifically, the Court allowed him to proceed on failure-to-protect claims against Defendants Earl, Bradley, Burl, Clark, Brooks, Cloird, Gaines, Stout, Montgomery, and Byrd. His other claims were dismissed. (#43)

Defendants have now moved for summary judgment.[1] (#39, #56) Mr. Radford has responded to the Defendants' motions, and Defendants have replied. (#45, #46, #47, #49, #59. #61, #64, #65, #66, #67, #68, #69) Based upon the undisputed evidence presented, the Defendants' motions (#39, #56) for summary judgment should be GRANTED.

### III. Discussion

A. Exhaustion

The Prison Litigation Reform Act ("PLRA") requires federal courts to dismiss all claims that were not fully exhausted before suit was filed. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").

While there are exceptions to the exhaustion requirement, the exceptions are few. For example, an inmate's subjective belief about the effectiveness of the grievance

---

[1] Defendant Mitchum is included in the ADC Defendants' motion for summary judgment, but claims against Defendant Mitchum were dismissed on April 17, 2017 (after the pending motion for summary judgment was filed). (#43)

2

process does not excuse a failure to exhaust; nor does confusion about the exhaustion process. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000). Importantly, the PLRA does not recognize an imminent-danger exception to the exhaustion requirement. *McAlphin v. Toney*, 375 F.3d 753, 754 (8th Cir. 2004).

Furthermore, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007); see also *Woodford*, 548 U.S. at 91. Therefore, to satisfy the PLRA's exhaustion requirement, Mr. Radford must have fully complied with the specific procedural requirements in the ADC policy. *Id*.

B. Analysis

To prevail on their motion, Defendants bear the burden of proving - with undisputed evidence– that Mr. Radford did not exhaust his administrative remedies. In support of their motion, the ADC Defendants attach the sworn declaration of Barbara Williams, the inmate grievance supervisor. (#39-2 at p.1) According to Ms. Williams, Mr. Radford filed three grievances relevant to this lawsuit, MX-17-51, MX-17-176, and MX-17-177. (*Id*. at p.3)

On January 9, 2017, Mr. Radford submitted grievance MX-17-51. (#39-4 at p.1) In that grievance Mr. Radford complained that Defendants Brooks and Gaines had threatened him and stated that he feared for his life. (*Id*.) Although Mr. Radford fully exhausted that grievance, he had not completed the exhaustion process at the time that he filed this lawsuit on January 6, 2017. (*Id*. at p.3)

3

On January 23, 2017, seventeen days after Mr. Radford filed this lawsuit, Mr. Radford submitted grievance MX-17-176. (#39-4 at p.1) In that grievance, Mr. Radford complained about his transfer to west isolation. He identified Defendants Cloird, Stout, Gaines, and Brooks in that grievance. His appeal of that grievance was rejected because he failed to provide his "reason for disagreement in [the] space provided for [the] appeal." (*Id.* at p.2)

Also on January 23, Mr. Radford submitted grievance MX-17-177. (#39-3 at p.1). In that grievance, Mr. Radford complained that Defendant Gaines had provided a "homemade shank" to another inmate so that the inmate would harm him. He also alleged that he had heard Defendant Gaines call him a "snitch" and state that she wanted someone to "stab" him. (*Id.*) Mr. Radford's appeal of that grievance also was rejected -- again because he failed to provide his "reason for disagreement in [the] space provided for [the] appeal." (#39-3 at p.3)

In response to the Defendants' motion, Mr. Radford first argues that the motion should be denied because he fully exhausted grievances MX-17-188 and MX-17-511.[2] Based on the papers attached to Mr. Radford's response, this is true. He did fully exhaust those grievances. His argument is unavailing, however, because he submitted those grievances on January 24, 2017, and March 7, 2017; that is, *after* he filed this lawsuit. (#45 at pp.9-11; #64 at pp.8-10)

---

[2] Mr. Radford also contends that he fully exhausted grievance MX-17-51. As previously discussed, Mr. Radford did not fully exhaust that grievance until after filing this lawsuit.

4

Mr. Radford also asserts that he began filing grievances regarding the threats to his safety prior to his transfer to the MSU. (#46 at p.8) Even assuming Mr. Radford's allegations to be true, he could not have filed any grievances related to the incidents at the MSU giving rise to this lawsuit prior to his transfer to MSU. Thus, any such grievances are inconsequential.

Mr. Radford also urges the Court to consider the fact that he feared retaliation if he had used the grievance process. This argument is unpersuasive because, under current law, his subjective beliefs do not excuse the exhaustion requirement. See *Chelette v. Harris*, *supra*.

Mr. Radford further argues that he should be allowed to proceed on his constitutional claims because he continues to face imminent danger of serious physical injury. But as noted, there is no imminent-danger exception to the exhaustion requirement. See *McAlphin v. Toney*, *supra*.

Mr. Radford also argues that, because he needed glasses, he "could not see to exhaust grievance MX-17-177 and MX-17-176." (*Id.* at p.9) Mr. Radford was apparently able to satisfactorily complete the initial phase of the grievance process with regard to these grievances, so it would be unreasonable to conclude that poor eyesight rendered an appeal "unavailable" to him. *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) ("mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account"). Furthermore, those grievances were submitted after Mr. Radford had filed this lawsuit.

Finally, Mr. Radford explains that, prior to filing this lawsuit, he appealed the conviction of a disciplinary issued to him by Defendants Mitchum and Brooks.[3] He asserts that he could not have filed a grievance regarding that disciplinary conviction because it would have been rejected as "nongrievable." In that disciplinary appeal, however, Mr. Radford did not allege that any of the named Defendants subjected him to possible harm or that he feared for his life. (#45 at p.6)

Mr. Radford has not come forward with evidence to rebut the Defendants' evidence showing that he did not fully exhaust his administrative remedies *before* filing this lawsuit; nor has he demonstrated that the administrative process was unavailable to him. As a result, dismissal is mandatory.

## IV. Conclusion

The Court recommends that the Defendants' motions for summary judgment (#39, #56) be GRANTED. Mr. Radford's claims should be DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies. His pending motion for preliminary injunctive relief (#44) should be DENIED, as moot.[4]

DATED this 24th day of May, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Mr. Radford also asserts that he appealed a disciplinary conviction issued by Defendant Montgomery on January 15, 2017. (#54 at p.9) Because Mr. Radford received that disciplinary conviction after filing this lawsuit, it is not relevant to the exhaustion analysis.

[4] To the extent that Mr. Radford has moved to amend his complaint to add Charlotte Sanders as a party Defendant, that motion is denied for reasons previously stated (#63).